UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| JON GARFIELD, | CASE NO. 1:23-cv-2458 |
| Plaintiff, | ORDER |
|  | [Resolving Doc. 3] |
| v. |  |
| RAYMOND SCOTT REPINSKI |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Jon Garfield sues Defendant Raymond Scott Repinski, alleging that Repinski is controlling bank accounts containing Garfield's money and refusing Garfield access. Briefly, Garfield alleges that he hired Repinski to set up an advantageous tax strategy plan.[1] As part of that plan, Repinski set up limited liability corporations (LLCs) for Garfield into which Garfield transferred over a million dollars.[2] Garfield alleges that Repinski has locked him out of those accounts and has taken, or is in the process of taking, Garfield's money.[3]

Plaintiff Garfield now moves the Court for leave to file an *ex parte* motion under seal.[4] In explanation of his request for a doubly-secretive filing, Garfield says Repinski will continue to harm him, and presumably, take his money, if Repinski is made aware of the motion.

The Court **DENIES** Plaintiff's request to file a motion for *ex parte* relief under seal. "Only the most compelling reasons can justify non-disclosure of judicial records."[5] "There

---

[1] Doc. 1, ¶¶10-11.
[2] *Id.*, ¶¶18, 40, 42.
[3] *Id.*, ¶¶44-46.
[4] Doc. 3.
[5] *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3 299, 305 (6th Cir. 2016) (*quoting In re Knoxville News-Sentinel Co.*, 723 F.3d 470, 476 (6th Cir. 1983)).

Case No. 1:23-cv-2458
GWIN, J.

is a strong presumption in favor of openness" of court records.[6] Plaintiff Garfield has not yet served Defendant Repinski. Garfield's concern that Repinski will act as soon as he is aware of a motion for relief is diminished, given that Repinski lacks notice of this case.

And, *ex parte* "temporary retraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard."[7]

However, should Plaintiff Garfield seek to file a temporary restraining order without notice to Defendant Repinski, he may do so provided he meets Federal Rule of Civil Procedure 65(b)(1)'s requirements. Under Rule 65(b)(1), a temporary restraining order issued without notice to the adverse party is only proper where:

> (A) specific facts in an affidavit or verified complaint clearly show immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Relief such as a temporary restraining order "should not be lightly indulged in, but used sparingly and only in a clear and plain case."[8]

So, the Court **DENIES** Plaintiff Garfield's motion for leave to file an *ex parte* motion under seal.

IT IS SO ORDERED.

Dated: January 3, 2024        *s/    James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[6] *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.3d 1165, 1179 (6th Cir. 1983)).
[7] *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974).
[8] *Plain Dealer Pub. Co. v. Cleveland Typographical Union #53*, 520 F.2d 1220, 1230 (6th Cir. 1975).