UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|  |  |  |
|---|---|---|
| JON GARFIELD, | : | CASE NO. 1:23-cv-02458 |
|  | : |  |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 7] |
| v. | : |  |
|  | : |  |
| RAYMOND SCOTT REPINSKI, | : |  |
|  | : |  |
| Defendant. | : |  |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this case, Plaintiff Jon Garfield sues Raymond Repinski for fraud, conversion, and other claims. Complaint exhibits suggest that Plaintiff Garfield set up a scheme to have his businesses pay large amounts of "CFO fees" and "Board of Director Fees" into two newly formed Tennessee limited liability companies (LLCs).[1] Garfield's company, Blue Water Vaccines, Inc., would then list the payments as "Contractor Payments."[2]

Defendant Repinski told Plaintiff Garfield that payments to these newly formed Tennessee LLCs would allow Garfield to avoid $230,131 in state and federal taxes on $500,000 distributed from the Garfield businesses.[3]

Plaintiff Garfield agreed to the scheme even though he knew almost nothing about Repinski. With Garfield's approval, Repinski incorporated two Delaware LLCs with Knoxville, Tennessee addresses and obtained Federal tax IDs. The Delaware registrations listed Defendant Raymond Rapinski as the sole owner.[4]

---

[1] Doc. 1-8, PageID #: 52; Doc. 1-9, PageID #: 53.
[2] *Id.* *See also* Doc. 1, ¶¶ 21-25.
[3] Doc. 1-3, PageID #: 28. *See also* Doc. 1, ¶ 14.
[4] Doc. 1-7, PageID #: 49; Doc. 1, *See also* Doc.  ¶¶ 20, 23.

Case No. 1:23-cv-02458
GWIN, J.

Despite hardly knowing Repinski, Plaintiff Garfield also allowed Repinski to open two Knoxville Bank of America bank accounts for the LLCs.  In discussing the bank accounts, Repinski asked Garfield: "Do you have anyone else other than me who can be the authorized signer on the bank accounts? (It must be someone who you trust with your life.)"[5]  Plaintiff Garfield apparently gave Repinski the authority to be the bank accounts' initial signer with Garfield as the backup.[6]

With this lawsuit, Plaintiff Garfield says Repinski has converted monies that Garfield or Garfield's employer gave the LLCs.[7]  Plaintiff lives in California.[8]  With his complaint and its attached exhibits, Plaintiff makes claims for acts the Defendant made from St. Petersburg, Florida or Knoxville, Tennessee locations.[9]

However, Plaintiff has not served Defendant with the summons and complaint and Plaintiff does not know where Defendant lives other than the general averment that: the Defendant has made statements that Defendant lives in Cleveland Heights, Ohio.[10]  So, personal jurisdiction over Repinski remains unclear.

On January 11, 2023, the Court granted Plaintiff Jon Garfield's motion for prejudgment attachment of the two LLC's Bank of America accounts under the names Osseo L.L.C., and Artas L.L.C.[11]

In approving a prejudgment attachment, the Court ordered that the prejudgment attachment order not be effective until Garfield posts a $1,281,437.30 bond with the Clerk

---

[5] Doc. 1-6 PageID # 37.
[6] Doc. 1, ¶ 27.
[7] Doc. 5-1, ¶¶ 7-9.
[8] Doc. 1, ¶ 1.
[9] *See, e.g.*, Doc. 1-1, PageID #: 19; Doc. 1-2, PageID #: 20; Doc. 1-6, PageID #: 37; Doc. 1-7, PageID #: 40.
[10] Doc. 1, ¶ 2.
[11] Doc. 6 (ex parte), PageID #: 103.

Case No. 1:23-cv-02458
GWIN, J.

of the Court.[12]  Under Ohio law, a bond for prejudgment attachment must be twice the value of the attached property.[13]

Plaintiff Garfield now moves the Court to waive this bond requirement for the prejudgment attachment.[14]  Garfield says that he has been unable to obtain the bond, and, while he is not indigent, the bond is "economically impossible" for Garfield.[15]

As described above, Plaintiff Garfield attaches exhibits that suggest Garfield and Repinski set up a scheme where Garfield-associated businesses would pay the newly formed LLCs and Garfield's business would list the payments as payments to an unrelated contractor rather than a payment to Garfield.[16]  The scheme would give Garfield access to the funds without paying any income tax on the funds he received from his associated businesses.[17]

The Court approved attachment but conditioned the attachment upon Plaintiff posting the typical Ohio attachment bond.  With its new motion, Plaintiff seeks to attach the bank accounts without posting any bond.

The Court lacks authority to issue a prejudgment attachment without the Plaintiff posting the statutorily required bond amount.[18]  The Ohio statute governing prejudgment attachment allows courts to waive the bond requirement only "[i]f the plaintiff is indigent" and "as fairness requires."[19]

---

[12] Doc. 6 (ex parte), PageID #: 108.
[13] R.C. § 2715.044.
[14] Doc. 7.
[15] *Id.*, PageID #: 111.
[16] Doc. 1-2, PageID #: 22-23; Doc. 1-3, PageID #: 28; Doc. 1-4, PageID #: 33; Doc. 1-6, PageID #: 37; Doc. 1-8, PageID #: 52-53.
[17] Doc. 1, ¶10; Doc. 1-2, PageID #: 22.
[18] *Midwest Fireworks Mfg. Co. v. Gibel*, No. 76843, 2000 WL 336513, at *3 (Ohio Ct. App. Mar. 30, 2000) ("[T]he requirement that the plaintiff post a bond is an essential component of the mandatory judicial supervision of the attachment procedure which is necessary in order to provide the defendant with due process of law.").
[19] R.C. § 2715.044.  The bond requirement is waived if the defendant is a foreign corporation or does not reside in Ohio. *Id.*  Plaintiff Garfield avers that Defendant Repinski is an Ohio resident, so this waiver does not apply here.

Case No. 1:23-cv-02458
GWIN, J.

Plaintiff Garfield has not shown that he is indigent (and indeed, he admits that he is not).[20]

So, the Court **DENIES** Plaintiff Garfield's motion to waive the prejudgment attachment bond, with leave to file a motion for temporary injunctive relief, should the Plaintiff so choose.

The Court further **REMINDS** Plaintiff of his Rule 4(m) duty to timely serve the complaint. Due to lack of service, the Court's jurisdiction over the matter remains an open issue, especially since the bank accounts were opened in Tennessee.[21]

IT IS SO ORDERED.


Dated: February 16, 2024                         *s/      James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[20] Doc. 7, PageID #: 112.
[21] Doc. 1-7, PageID #: 40-44.